## SAPIRSTEIN & SAPIRSTEIN, P. C.

### ATTORNEYS AT LAW

TANI E. SAPIRSTEIN*
TANI@SANDSLAW.COM

1331 MAIN STREET, 2ND FLOOR
SPRINGFIELD, MASSACHUSETTS 01103
TELEPHONE (413) 827-7500

TELECOPIER (413) 827-7797
WWW.SANDSLAW.COM

*ALSO ADMITTED IN CONNECTICUT AND NEW YORK

March 7, 2019

First Student, Inc.
600 Vine Street, Suite 1400
Cincinnati, OH 45202
**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**Article No.: 7018 0680 0000 7648 8045 and**
**First Class Mail/Postage Prepaid**

   **Re: Leah Keeley v. First Student, Inc.**
     **Civil Action No.:  19-087**

Dear Sir/Madam:

   Pursuant to M.R. Civ. P. 4(b)(d)(3), enclosed herewith please find copies of the following documents being forwarded in connection with the above-referenced matter:

   1. Summons;
   2. Civil Action Cover Sheet; and
   3. Complaint

         Very truly yours,

         Tani E. Sapirstein

TES:ps
Enclosures

cc: Ms. Leah Keeley (w/encls.)

K:\CASEFILE\Keeley, Leah 2018 816\Outgoing Correspondence\3.7.19 First Student OH transmittal letter.doc

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

**RECEIVED**

## COMMONWEALTH OF MASSACHUSETTS

MAR  / 2019

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. **19 · 087**

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

LEAH KEELEY _____, PLAINTIFF(S)

V.

**SUMMONS**

FIRST STUDENT, INC. _____, DEFENDANT(S)

To the above named defendant:

First Student, Inc., c/o Its Registered Agent
Corporation Service Company
84 State St., Boston MA 02109

You are hereby summoned and required to serve upon ___Tani E. Sapirstein, Esq._____,
plaintiff's attorney, whose address is _1331 Main St. Springfield MA 01103_____,
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the ___20th___ day of __February_____
in the year of our Lord two thousand nineteen

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM No. 1



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

March 6, 2019

I hereby certify and return that on 2/27/2019 at 8:30 AM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Zach Rokosz, Process Clerk, agent and person in charge at the time of service for First Student, Inc., at Corporation Service Company 84 State Street Boston, MA 02109 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff    Joseph Casey

*Joseph P Casey*
_____
*Deputy Sheriff*

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: __HAMPDEN__ | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) Leah Keeley | DEFENDANT(S) First Student, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Tani E. Sapirstein, Esq. Sapirstein & Sapirstein, P.C. 1331 Main St. Springfield MA 01103 (413) 827-7500 | ATTORNEY (IF KNOWN) |
| BBO# 236850 | |

## Origin code and track designation

Place an x in one box only:
[ x] 1.  F01 Original Complaint
[ ] 2.  F02 Removal to Sup.Ct. C.231,s.104
    (Before trial)                                    (F)
[ ] 3.  F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4.  F04 District Court Appeal c.231, s. 97 &104 (After trial)   (X)
[ ] 5.  F05 Reactivated after rescript; relief from judgment/
    Order (Mass.R.Civ.P. 60)                                        (X)
[ ] 6.  E10 Summary Process Appeal                                  (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | Yes/No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)
A.  Documented medical expenses to date:
  1.  Total hospital expenses                                    $ _____
  2.  Total Doctor expenses                                      $ _____
  3.  Total chiropractic expenses                                $ _____
  4.  Total physical therapy expenses                            $ _____
  5.  Total other expenses (describe)                            $ _____
                                                    Subtotal     $ _____
B.  Documented lost wages and compensation to date              $ _____
C.  Documented property damages to date                         $ _____
D.  Reasonably anticipated future medical and hospital expenses $ _____
E.  Reasonably anticipated lost wages                           $ _____
F.  Other documented items of damages (describe)
                                                                $ _____
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Employment discrimination resulting in lost wages and emotional distress.

Total $                                    in excess of $25,000.00 plus legal fees an
                                                                        expenses

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                        TOTAL    $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____          Date: February 5, 2019
A.O.S.C. 3-2007
               Tani E. Sapirstein

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**\* CONTRACTS**

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**\*TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence-personal injury/property damage | (F) |
| B04 | Other Negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**\* REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L. c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 6, s. 178M | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | \*\*Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                   Superior Court
                                               Civil Action No.:

LEAH KEELEY                          )
                                     )
            Plaintiff                )
                                     )
v.                                   )
                                     )
FIRST STUDENT, INC.                  )
                                     )
            Defendant                )

## COMPLAINT

### Parties

1.    The Plaintiff, Leah Keeley ("Ms. Keeley"), is a natural person with a residence at 30 Wilber Street, Springfield, Massachusetts.

2.    The Defendant, First Student, Inc. ("First Student"), is a foreign corporation with its principal place of business at 600 Vine Street, Suite 1400, Cincinnati, Ohio and its Massachusetts office located at 68 Industrial Blvd. Suite 6, Hanson, Massachusetts.  First Student regularly conducts business in the Commonwealth of Massachusetts, including but not limited to, Hampden County.

### Jurisdiction and Venue

3.    This Court has jurisdiction pursuant to G. L. c. 151B.

4.    Venue is proper in Hampden County pursuant to G. L. c. 223, § 1, as Ms. Keeley resides in Hampden County.

## Statement of Facts

5.    First Student provides school bus transportation services to school districts.

6.    Ms. Keeley was employed as a dispatcher with First Student from December 1, 2014 through July 25, 2018.

7.    Ms. Keeley is a woman.

8.    Ms. Keeley is also the guardian and sole care provider for a young man with advanced muscular dystrophy. ("Steven").

9.    Throughout Ms. Keeley's employment with First Student, Brian Shaw ("Mr. Shaw"), was Ms. Keeley's supervisor.

10.    When she began her employment with First Student, Ms. Keeley was clear with Mr. Shaw that she was Steven's sole care provider and, as such, she would require time off to attend medical appointments and/or attend to Steven's unique needs.

11.    Mr. Shaw assured Ms. Keeley that he would make it work and Ms. Keeley would be permitted to care for Steven.

12.    At the time Ms. Keeley was hired, Steven's illness was not yet significantly advanced and she was able to leave him unattended for several hours at a time.

13.    In 2016, Ms. Keeley was involved in a car accident and she suffered prolonged symptoms from a sustained concussion. She requested and received leave pursuant to the Family and Medical Leave Act ("FMLA Leave").

14. When she returned from her FMLA Leave in March 2017, Mr. Shaw called Ms. Keeley into his office and informed her that he had not been happy with her performance prior to her FLMA Leave and he warned her that he would be closely observing her performance.

15. Ms. Keeley was surprised by Mr. Shaw's statements because Mr. Shaw had never previously raised any performance concerns and had stated in an email that he felt that the company needed her.

16. Mr. Shaw's sudden concerns further surprised Ms. Keeley as she maintained an excellent working relationship with her co-workers.

17. Upon Ms. Keeley's return from FMLA Leave, however, Steven's illness had also progressed. Ms. Keeley was no longer able to leave Steven unattended and his medical needs increased.

18. Despite the increased demands of Steven's care, Ms. Keeley continued to work shifts that Mr. Shaw had difficulty staffing, including taking shifts on a moment's notice, taking additional on-call shifts, working on previously scheduled days off, and staying after her scheduled shift to complete work.

19. Shortly after Ms. Keeley returned from FMLA Leave, Mr. Shaw angrily informed her that he intended to terminate her if she was even a minute late.

20. A few days after Mr. Shaw's threat to terminate Ms. Keeley, Steven's in-home nurse was unable to work due to a personal emergency. As Steven required round the clock care, Ms. Keeley could not leave him alone and she called Mr. Shaw to inform him that she would report to work as soon as she could find care.

21. The following day when Ms. Keeley returned to work, Mr. Shaw terminated her employment and stated that she was unreliable.

22. Further, throughout the course of her employment, Ms. Keeley repeatedly heard Mr. Shaw make disparaging comments about female employees including stating that he believed men would do a better job and openly wishing he could hire all men.

23. Additionally, Mr. Shaw would become explosive and demeaning toward Ms. Keeley and other female employees although he maintained a professional demeanor with male employees.

24. Although male colleagues were tardy, or used sick and vacation time in substantially similar ways, they were not subjected to increased scrutiny or angry outbursts.

25. Ms. Keeley filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on October 10, 2018 and alleged discrimination on the basis of Gender, Disability, and Retaliation for opposing discriminatory practices.

26. Ms. Keeley requested to withdraw her Charge from MCAD to file a private right of action in civil court on December 20, 2018, and received the Withdrawal on January 30, 2019.

### Statement of Claims

### Discrimination Based on Handicap
### G. L. c. 151B, § 4

27. The allegations contained in Paragraphs 1-26 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

28.   Mr. Shaw, Ms. Keeley's supervisor, discriminated against her on the basis of her disability when he took adverse employment actions against Ms. Keeley including but not limited to terminating her employment because she required FMLA Leave for herself and to care for Steven.

29.   As a result of Mr. Shaw's conduct, Ms. Keeley suffered damages including but not limited to lost wages and emotional distress.

### Discrimination Based on Gender
### G. L. c. 151B, § 4

30.   The allegations contained in Paragraphs 1-29 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

31.   Mr. Shaw, Ms. Keeley's supervisor, discriminated against her on the basis of her gender when he repeatedly made disparaging comments about female employees, including but not limited, to stating that he wished he could hire all male employees, and routinely engaging in a pattern of explosive and demeaning interactions with female employees.

32.   As a result of Mr. Shaw's conduct, Ms. Keeley suffered damages including but not limited to lost wages and emotional distress.

### Retaliation
### G. L. c. 151B, § 4

33.   The allegations contained in Paragraphs 1-32 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

34.   Mr. Shaw took several adverse employment actions against Ms. Keeley as a result of her engaging in protected activity, including but not limited to, negative performance reviews, additional scrutiny, and termination.

35.   As a result of Mr. Shaw's unlawful retaliation, Ms. Keeley suffered damages including but not limited to, lost wages and emotional distress.

## Retaliation
## 29 U. S. C. § 2615

36.   The allegations contained in Paragraphs 1-35 are hereby realleged, reasserted and reiterated as of fully set forth herein.

37.   Ms. Keeley requested and received FMLA leave.

38.   Upon her return from FMLA Leave Mr. Shaw took a number of adverse employment actions against Ms. Keeley, including but not limited to negative performance reviews, additional scrutiny, and termination.

39.   Ms. Keeley's FMLA Leave was a substantial factor in Mr. Shaw's decision to subject Ms. Keeley to a number of adverse employment actions leading up to and including her termination.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

WHEREFORE, the Plaintiff, Leah Keeley hereby requests this Court:

1.   to enter judgment in her favor on each Count of the Complaint;

2.   to award compensatory damages, including, but not limited to, lost wages and emotional distress damages;

3.     to award punitive damages;

4.     to award costs and attorney's fees; and

5.     for such other relief as this Court deems proper.

Respectfully submitted,

The Plaintiff,
Leah Keeley,
By her attorney,

Tani E. Sapirstein, Esq.
BBO No. 236850
SAPIRSTEIN & SAPIRSTEIN, P.C.
1331 Main St., 2nd Floor
Springfield, MA 01103
Tel. (413) 827-7500
Fax (413) 827-7797

Dated: February 5, 2019