## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (SPRINGFIELD)

Civil Action No.: 3:19-cv-30044-MGM

| | |
|---|---|
| **LEAH KEELEY** | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FIRST STUDENT MANAGEMENT, LLC** | ) |
| | ) |
|     **Defendant** | ) |

### AMENDED COMPLAINT
(Leave to File Granted on May 28, 2019)

### Parties

1. The Plaintiff, Leah Keeley ("Ms. Keeley"), is a natural person with a residence at 30 Wilber Street, Springfield, Massachusetts.

2. The Defendant, First Student Management, LLC ("First Student"), is a foreign corporation with its principal place of business at 600 Vine Street, Suite 1400, Cincinnati, Ohio and its Massachusetts office located at 68 Industrial Blvd. Suite 6, Hanson, Massachusetts. First Student regularly conducts business in the Commonwealth of Massachusetts, including but not limited to, Hampden County.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

4. Venue is proper because First Student Management, LLC is a limited liability company which operates in Massachusetts.

**Statement of Facts**

5. First Student provides school bus transportation services to school districts.

6. Ms. Keeley was employed as a dispatcher with First Student from December 1, 2014 through July 25, 2018.

7. Ms. Keeley is a woman.

8. Ms. Keeley is also the guardian and sole care provider for a young man with advanced muscular dystrophy. ("Steven").

9. Throughout Ms. Keeley's employment with First Student, Brian Shaw ("Mr. Shaw"), was Ms. Keeley's supervisor.

10. When she began her employment with First Student, Ms. Keeley was clear with Mr. Shaw that she was Steven's sole care provider and, as such, she would require time off to attend medical appointments and/or attend to Steven's unique needs.

11. Mr. Shaw assured Ms. Keeley that he would make it work and Ms. Keeley would be permitted to care for Steven.

12. At the time Ms. Keeley was hired, Steven's illness was not yet significantly advanced and she was able to leave him unattended for several hours at a time.

13. In 2016, Ms. Keeley was involved in a car accident and she suffered prolonged symptoms from a sustained concussion. She requested and received leave pursuant to the Family and Medical Leave Act ("FMLA Leave").

14. When she returned from her FMLA Leave in March 2017, Mr. Shaw called Ms. Keeley into his office and informed her that he had not been happy with her performance prior to her FLMA Leave and he warned her that he would be closely observing her performance.

15. Ms. Keeley was surprised by Mr. Shaw's statements because Mr. Shaw had never previously raised any performance concerns and had stated in an email that he felt that the company needed her.

16. Mr. Shaw's sudden concerns further surprised Ms. Keeley as she maintained an excellent working relationship with her co-workers.

17. Upon Ms. Keeley's return from FMLA Leave, however, Steven's illness had also progressed. Ms. Keeley was no longer able to leave Steven unattended and his medical needs increased.

18. Despite the increased demands of Steven's care, Ms. Keeley continued to work shifts that Mr. Shaw had difficulty staffing, including taking shifts on a moment's notice, taking additional on-call shifts, working on previously scheduled days off, and staying after her scheduled shift to complete work.

19. Shortly after Ms. Keeley returned from FMLA Leave, Mr. Shaw angrily informed her that he intended to terminate her if she was even a minute late.

20. A few days after Mr. Shaw's threat to terminate Ms. Keeley, Steven's in-home nurse was unable to work due to a personal emergency. As Steven required round the clock care, Ms. Keeley could not leave him alone and she called Mr. Shaw to inform him that she would report to work as soon as she could find care.

21. The following day when Ms. Keeley returned to work, Mr. Shaw terminated her employment and stated that she was unreliable.

22. Further, throughout the course of her employment, Ms. Keeley repeatedly heard Mr. Shaw make disparaging comments about female employees including stating that he believed men would do a better job and openly wishing he could hire all men.

23. Additionally, Mr. Shaw would become explosive and demeaning toward Ms. Keeley and other female employees although he maintained a professional demeanor with male employees.

24. Although male colleagues were tardy, or used sick and vacation time in substantially similar ways, they were not subjected to increased scrutiny or angry outbursts.

25. Ms. Keeley filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on October 10, 2018 and alleged discrimination on the basis of Gender, Disability, and Retaliation for opposing discriminatory practices.

26. Ms. Keeley requested to withdraw her Charge from MCAD to file a private right of action in civil court on December 20, 2018, and received the Withdrawal on January 30, 2019.

### Statement of Claims

### Discrimination Based on Handicap
### G. L. c. 151B, § 4

27. The allegations contained in Paragraphs 1-26 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

28. Mr. Shaw, Ms. Keeley's supervisor, discriminated against her on the basis of her disability when he took adverse employment actions against Ms. Keeley including but not limited to terminating her employment because she required FMLA Leave for herself and to care for Steven.

29. As a result of Mr. Shaw's conduct, Ms. Keeley suffered damages including but not limited to lost wages and emotional distress.

## Discrimination Based on Gender
### G. L. c. 151B, § 4

30. The allegations contained in Paragraphs 1-29 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

31. Mr. Shaw, Ms. Keeley's supervisor, discriminated against her on the basis of her gender when he repeatedly made disparaging comments about female employees, including but not limited, to stating that he wished he could hire all male employees, and routinely engaging in a pattern of explosive and demeaning interactions with female employees.

32. As a result of Mr. Shaw's conduct, Ms. Keeley suffered damages including but not limited to lost wages and emotional distress.

## Retaliation
### G. L. c. 151B, § 4

33. The allegations contained in Paragraphs 1-32 are hereby realleged, reasserted, and reiterated as if fully set forth herein.

34. Mr. Shaw took several adverse employment actions against Ms. Keeley as a result of her engaging in protected activity, including but not limited to, negative performance reviews, additional scrutiny, and termination.

.

35. As a result of Mr. Shaw's unlawful retaliation, Ms. Keeley suffered damages including but not limited to, lost wages and emotional distress.

## Retaliation
## 29 U. S. C. § 2615

36. The allegations contained in Paragraphs 1-35 are hereby realleged, reasserted and reiterated as of fully set forth herein.

37. Ms. Keeley requested and received FMLA leave.

38. Upon her return from FMLA Leave Mr. Shaw took a number of adverse employment actions against Ms. Keeley, including but not limited to negative performance reviews, additional scrutiny, and termination.

39. Ms. Keeley's FMLA Leave was a substantial factor in Mr. Shaw's decision to subject Ms. Keeley to a number of adverse employment actions leading up to and including her termination.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

WHEREFORE, the Plaintiff, Leah Keeley hereby requests this Court:

1. to enter judgment in her favor on each Count of the Complaint;

2. to award compensatory damages, including, but not limited to, lost wages and emotional distress damages;

3. to award punitive damages;

4. to award costs and attorney's fees; and

5. for such other relief as this Court deems proper.

                    Respectfully submitted,

                    The Plaintiff,
                    Leah Keeley,
                    By her attorney,

                    /s/Tani E. Sapirstein
                    Tani E. Sapirstein, Esq.
                    BBO No. 236850
                    SAPIRSTEIN & SAPIRSTEIN, P.C.
                    1331 Main St., 2nd Floor
                    Springfield, MA 01103
                    Tel. (413) 827-7500
Dated: June 17, 2019         Fax (413) 827-7797

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of June, 2019, a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                    /s/Tani E. Sapirstein
                    Tani E. Sapirstein, Esq.

K:\CASEFILE\Keeley, Leah 2018 816\Pleadings\Federal Court\Complaint\6.17.19 Amended Complaint.docx